UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 1:17-CR-139 |
| | § | |
| MARIA DEL REFUGIO FRAGOSO DE GONZALEZ | § § | |

## ORDER AND OPINION

Defendant Maria del Refugio Fragoso de Gonzalez requests that the Court reduce her sentence and order her release due to her underlying medical conditions and the dangers that COVID-19 poses to her health. (Amend. Mot., Doc. 27; Updated Motion, Doc. 32) Based on its review of the record and the applicable law, the Court concludes that Fragoso has not demonstrated that extraordinary and compelling reasons support a reduction of her sentence.

**I**

In 2017, the Court sentenced Fragoso to 57 months in prison and three years of supervised release after she pled guilty to the crime of Possession with Intent to Distribute a Quantity Exceeding Five (5) Kilograms, that is, 14.42 Kilograms (31.72 Pounds) of Cocaine. (Judgment, Doc. 22, 1–3)

Fragoso is currently serving her sentence at the Federal Bureau of Prisons (BOP) Federal Correctional Institute (FCI) Aliceville, in western Alabama[1]. (Amend. Mot., Doc. 27, ¶ 8)

**II**

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). This statute contains specific requirements for submitting direct petitions. The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[1] The Amended Motion incorrectly notes that FCI Aliceville is located in Georgia, but it is in Alabama. The Court takes judicial notice that the BOP has reported twenty-two active cases of COVID-19 among inmates and staff at this facility, and zero deaths. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated Oct. 16, 2020).

defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* at § 3582(c)(1)(A). In the latter scenario, the defendant need not exhaust available administrative remedies.

Fragoso has met the requirements of Section 3582(c)(1)(A). In her Updated Motion, she notes that "more than thirty days have passed since Petitioner, in accord with the statute, served the warden of the institution where Petitioner is confined." (Doc. 32, ¶ 4) The record does not make clear whether Fragoso received a response from the Warden or exhausted any administrative remedies, but as more than thirty days have lapsed since she submitted the request, she has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). In relevant part, the policy statement provides that extraordinary and compelling reasons for early release exist when:

(a) the defendant is suffering from a terminal illness or other serious physical, medical, functional, or cognitive condition "that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover";

(b) the defendant is at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and has "served at least 10 years or 75 percent of [his] term of imprisonment, whichever is less"; or

(c) another reason "[a]s determined by the Director of the Bureau of Prisons".

U.S. SENTENCING GUIDELINES, § 1B1.13(1)(A) & cmt. n.1. The defendant also must not pose a danger to the safety of the community. *Id.* at § 1B1.13(2).

In support of her request, Fragoso describes active COVID-19 cases on the "first and third floors of the building where she is housed on the second floor, all floors sharing the same

air processing system." (Amend. Mot., Doc. 27, ¶ 3)  She also describes her "delicate" medical condition: in February, she was "interned in the hospital for excessive bleeding", and she is anemic and suffers from "chronic and profound anxiety". (*Id.* at ¶ 6)  Fragoso notes she has "no adverse disciplinary history" while in custody, (*id.* at ¶ 7), and highlights that she became eligible for home confinement in September 2020 and is projected for release in February 2021. (*Id.* at ¶¶ 9–10)  She adds that she is a 47-year-old mother of two, has accepted responsibility for her criminal conduct, and wants to go home to Mexico. (*Id.* at ¶ 8)

As an initial matter, the Court acknowledges that certain factors weigh in Fragoso's favor.  She has served about 75% of her prison sentence and has conducted herself well during her incarceration.  She appears to be remorseful and wishes to return home to lead a law-abiding life.

The Court, however, must conclude not that some good reasons support a reduced sentence, but that "extraordinary and compelling reasons warrant" such a reduction.  They do not.  Fragoso emphasizes her medical condition, noting that she has anemia and anxiety, and that she was hospitalized in February for bleeding.  But she does not provide documentation indicating the severity of these conditions, and does not otherwise demonstrate that they place her at a high risk of the more severe symptoms of COVID-19.  The CDC currently does not indicate that anemia and anxiety represent the type of underlying medical conditions that require extra precautions from COVID-19.  *People with Certain Medical Conditions,* CTR. FOR DISEASE CONTROL AND PREVENTION (Oct. 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (noting that "[a]dults of any age with the following conditions are at increased risk of severe illness": cancer, chronic kidney disease, COPD, heart conditions, immunocompromised state from solid organ transplant, obesity, sickle cell disease, smoking, and type 2 diabetes).  In addition, even if she were to

contract the illness, she is in her forties, which places her in a demographic that has proven more resilient to the disease than older individuals. *See Coronavirus Disease 2019 (COVID-19) Older Adults*, CTR. FOR DISEASE CONTROL AND PREVENTION (Sep. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (noting that, "[a]mong adults, the risk for severe illness from COVID-19 increases with age" and the greatest risk is "among those aged 85 or older"). And Fragoso has not demonstrated that the BOP cannot protect her from COVID-19 or provide her with adequate medical care should she be infected.

Accordingly, it is:

**ORDERED** that Maria del Refugio Fragoso de Gonzalez's Amended Motion for Compassionate Release (Doc. 27), supplemented by Fragoso's Updated Motion for Compassionate Release (Doc. 32), is **DENIED**.

SIGNED this 21st day of October, 2020.

_____
Fernando Rodriguez, Jr.
United States District Judge